**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BAJER DESIGN & MARKETING, INC., a Wisconsin Corporation, | |
| Plaintiff, | No. 09 C 1815<br>Judge James B. Zagel |
| v. | |
| WHITNEY DESIGN, INC., a Delaware Corporation, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

**I. BACKGROUND**

On March 23, 2009, Plaintiff Bajer Design & Marketing, Inc. ("Bajer"), a Wisconsin Corporation, sued Defendant Whitney Design, Inc. ("Whitney"), a Delaware Corporation, with its principal place of business in St. Louis, Missouri, alleging infringement of Bajer's patent when Whitney offered for sale certain clothes hampers at the International Home & Housewares Show, in Chicago, Illinois ("the Show"). Bajer filed suit in this court and served Whitney the following day, while at the Show. Two weeks later, on April 10, 2009, Whitney brought its own suit against Bajer in the Eastern District of Missouri ("the St. Louis case"), seeking a declaratory judgment that Whitney's hampers do not infringe Bajer's patent. On April 13, 2009, Whitney filed in this court a motion to transfer Bajer's infringement case to St. Louis on the basis of inconvenient forum. Three days later, on April 16, Whitney answered the complaint in this case. On April 27, Whitney served Bajer with the complaint in the St. Louis case. Rather than answer that complaint, Bajer filed a motion to dismiss or to stay pending deposition of this case, in order to avoid duplicative litigation. On May 19, Bajer filed a motion in this court to enjoin Whitney

from further proceeding in the St. Louis case pending this court's final disposition. On June 19, Judge Shaw of the Eastern District of Missouri stayed Whitney's action, pending a decision by this court as to whether to apply the first-filed rule in this case. *Whitney Design, Inc. v. Bajer Design & Marketing, Inc.*, No. 4:09-CV-555 CAS (E.D. Mo. June 19, 2009). For the following reasons, Whitney's Motion to Transfer is denied, and Bajer's Motion for Preliminary Injunction is moot.

## II. STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) places discretion with this court to adjudicate motions for transfer according to "individualized, case-by-case consideration of convenience and fairness." *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir.1986) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, (1964)). "Under § 1404(a), a court may transfer a case if the moving party shows that: (1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses as well as the interests of justice." *Rohde v. Central R.R. of Ind.*, 951 F. Supp. 746, 747 (N.D. Ill.1997). The language of § 1404(a) does not indicate the relative weight to be accorded to each factor. *Coffey*, 796 F.2d at 220 n. 3.

## III. DISCUSSION

### A. Motion to Transfer Venue

In its Motion to Transfer venue, Whitney argues that the case before me should be transferred to the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. § 1404(a).

The parties do not dispute that venue is proper in both the transferor and transferee courts, and that jurisdiction would be proper in the transferee district. I will address the remaining factors in turn.

1. **Convenience**

In this case, matters of convenience do not weigh in favor of transfer. Whitney "has the burden of establishing, by reference to particular circumstances, that the transfer forum is clearly more convenient." *Coffey*, 796 F.2d at 219-20. "When evaluating the conveniences, the court should consider five factors: (1) the plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease of access to sources of proof, (4) the convenience of the parties, and (5) the convenience of the witnesses." *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000).

"In considering whether to transfer an action the court should give some weight to the plaintiff's choice of forum." *New Hampshire Ins. Co. v. Green Dragon Trading Co.*, No. 08 C 1326, 2008 WL 2477484, at *6 (N.D. Ill. 2008). "The plaintiff's choice is given less weight when the plaintiff is a non-resident of the chosen forum, when the plaintiff sues derivatively or as a class representative, and where the cause of action did not conclusively arise in the chosen forum." *Countryman v. Stein Roe & Farnham*, 681 F. Supp. 479, 482-83 (N.D. Ill. 1987). Whitney argues that Bajer's choice of forum should be accorded little weight, since the selected forum is not Bajer's home. However, Bajer is suing on its own right, and there is no dispute that the alleged infringement took place in Chicago. Although not determinative, Plaintiff's choice of forum is more than just another factor to consider in light of the right Plaintiff seeks to enforce and location of the events underlying the cause of action. *See id.* at 483 (where plaintiff was a

3

non-resident of the chosen forum, sued derivatively and where the cause of action did not occur in the chosen forum, plaintiff's choice of forum was "merely another factor to consider" in deciding change of venue); *see also Technical Concepts L.P. v. Zurn Industries, Inc.*, 2002 WL 31433408, at *3 (N.D. Ill. 2002) ("where the plaintiff's choice of forum has relatively weak connections with the operative facts giving rise to the claim, it is afforded less importance and becomes only one of many factors considered by the court")(citation omitted)). Where Plaintiff is suing on its own right alleging infringement that took place in Chicago, this factor weighs against transfer.

There is also some dispute over the second factor - the situs of material events - with regard to what constitutes material events in this case. "To establish infringement of a product patent, the patent owner must demonstrate that the alleged infringer has made, used, or sold the product coming within the scope of the claimed inventions." *Paper Converting Mach. Co. v. Magna-Graphics Corp.*, 680 F.2d 483, 498 (7th Cir. 1982). Bajer alleges that Whitney manufactured, used, and offered for sale at the Show an infringing hamper. According to Bajer, the material event here is the sale of the allegedly infringing product. Whitney argues that its research, design, development, marketing and sales decisions concerning the accused product are "material events" which would be more conveniently proven in the Eastern District of Missouri, where Whitney is located. Although these issues may be relevant to the claim, none of them addresses the manufacture, use or offer for sale of the infringing product. Because the offer for sale was made in the Northern District of Illinois, this factor weighs slightly against transfer.

Whitney claims that the availability of evidence weighs in favor of transfer. Nearly all of WDI's documents and witnesses are located in the Eastern District of Missouri, where its home

4

office is. This argument is unpersuasive. All relevant documents can be easily made available by CD or via e-mail, and will have to be produced and sent to the offices of trial counsel located in St. Louis, Chicago, and Milwaukee. This case does not involve witnesses to an accident or physical evidence in a particular place. Therefore, this factor weighs neither in favor of nor against transfer.[1]

Convenience to the parties also weighs against transfer. "When plaintiff and defendant are in different states there is no choice of forum that will avoid imposing inconvenience; and when the inconvenience of the alternative venues is comparable there is no basis for a change of venue; the tie is awarded to the plaintiff[.]" *In re National Presto Industries, Inc.*, 347 F.3d 662, 665 (7th Cir. 2003). While it is true that the Northern District of Illinois is not Bajer's home forum, and its employees will be forced to travel, Bajer maintains that travel to Chicago is more convenient for its employees than travel to St. Louis. Although St. Louis would be more

---

[1] The court in *Habitat Wallpaper and Blinds, Inc. v. K.T. Scott Ltd. Partnership*, 807 F. Supp. 470, 474 (N.D. Ill. 1992) noted that "intellectual property infringement suits often focus on the activities of the alleged infringer, its employees, and its documents; therefore, the location of the infringer's principal place of business is often the critical and controlling consideration." However, I am not persuaded that this reasoning applies here, considering the technological advancements that have been made since 1992. Furthermore,
> [b]oth the plaintiff's forum choice and the alleged infringer's location are factors to which courts ruling on motions to transfer in patent suits give significant weight. The latter does not 'typically overrid[e]' the former on its own. If it did, a patent holder residing in one district would never be able to litigate an infringement claim against a non-resident defendant in the plaintiff's home forum. Moreover, the relative weight of the factors in § 1404(a) analysis is not predetermined. . . .[A] defendant seeking to transfer venue to another district cannot simply point to its principal place of business in another district and prevail automatically.

*Abbott Laboratories v. Church & Dwight, Inc.*, No. 07 C 3428, 2007 WL 3120007, at *3(N.D. Ill. 2007)

5

convenient for Whitney, since all of its key employees are located there, transfer, in this case, would merely serve to transform "an inconvenience for one party into an inconvenience for the other party." *Sage Products, Inc. v. Devon Industries, Inc.*, 148 F.R.D. 213, 216 (1993). The tie here should be awarded to Bajer.

Whitney claims that convenience to third-party witnesses in this case weighs in favor of transfer. The inventor of the patent-in-suit is not a Bajer employee, and, according to Whitney, Bajer is not currently in contact with him. Because it may be necessary to call him to trial, Whitney argues, the case should be transferred to a court with subpoena power. Mr. Paul Ziglar, the inventor, currently lives outside Danville, Iowa, which is within 100 miles of the Eastern District of Missouri's Northern Division in Hannibal, Missouri. Since the Northern Division has no assigned judges, it is the Eastern Division judges that hear cases filed in the Northern Division. Therefore, Whitney argues, transfer to the Eastern Division would allow a trial subpoena to be served on Mr. Ziglar for trial in the Northern Division courthouse in Hannibal, Missouri. However, in his order staying the St. Louis action, Judge Shaw explained that the Eastern Division would not, in fact, have subpoena power over Mr. Ziglar. *Whitney Design, Inc.*, No. 4:09-CV-555 CAS, at 2. Furthermore, the trip from Danville to Chicago by car is estimated at about 255 miles, whereas travel from Danville to St. Louis is approximately 224 miles (or 277 depending on which route is taken ). Chicago, a major travel hub, is serviced by many airlines, as well as Amtrak. Since travel to Chicago is comparable in distance to travel to St. Louis, and because there is no dearth of transportation options, convenience to Mr. Ziglar does not appear to be an issue weighing in favor of transfer.

## 2. Interests of Justice

Lastly, and most significantly, § 1404(a) requires that I consider the interests of justice in this motion to transfer venue. The interests of justice analysis "focuses on the efficient administration of the court system, rather than the private considerations of the litigants." *Espino v. Top Draw Freight Sys., Inc.*, 713 F. Supp. 1243, 1245 (N.D. Ill.1989); see *Coffey*, 796 F.2d at 221. "It includes such considerations as the speed at which the case will proceed to trial, the court's familiarity with the applicable law, the relation of the community to the occurrence at issue, and the desirability of resolving controversies in their locale." *Amoco Oil Co. V. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961-62 (N.D. Ill. 2000). The interests of justice in this case do not weigh in favor of transfer.

Both parties agree that this court is familiar with the application of patent law. There is some dispute, however, over the speed at which the case will proceed. According to Whitney, the average number of cases per judgeship is higher in the Northern District of Illinois than in the Eastern District of Missouri and the average time to a civil trial is longer. These statistics are "relatively meaningless in the section 1404(a) analysis." *Rabbit Tanaka Corp. USA v. Paradies Shops, Inc.*, 598 F. Supp. 2d 836, 841 (N.D. Ill. 2009). "They consist of averages for cases of all types and tell the reader nothing about cases of the particular type at issue. Specifically, these statistics say nothing at all about patent infringement cases and how quickly they proceed to trial in the two districts." *Id.* This factor fails to tilt the balance in either direction.

Whitney further argues that transfer of this case to St. Louis, where it would be consolidated with the pending St. Louis action, would promote judicial economy. It is true that § 1404(a) was designed to prevent the "situation in which two cases involving precisely the same

issues are simultaneously pending in different District Courts." *Continental Grain Co. v. FBL-585*, 364 U.S. 19, 26 (1960). Although the Seventh Circuit does not strictly adhere to a first-to-file rule, *Newell Operating Co. v. International Union*, 532 F.3d 583, 588 (7th Cir. 2008), federal circuit procedure rather than Seventh Circuit procedure applies here. *Preci-Dip, SA v. Tri-Star Electronics Intern., Inc.*, No. 08 C 4192, 2008 WL 5142401 (N.D.Ill., 2008), at *2 n.1 (citing *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir.1993), *abrogated in part on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288-89 (1995), for the proposition that the propriety of simultaneously litigating a suit for patent infringement and another for a declaration of non-infringement of the same patent in two different courts "raises the issue of national uniformity in patent cases," and thus, Federal Circuit law rather than "regional circuit practice" controls). Federal procedure "instructs courts to defer to a previously-filed action of the parties and issues in the two suits are the same." *Preci-Dip, SA*, 2008 WL 5142401, at *2. In this case, where no factor weighs strongly in favor of transfer, there is no reason to deviate from the general rule. Because Judge Shaw has stayed the St. Louis case pending a decision from this court, the two cases will not be moving ahead concurrently. *Whitney Design, Inc.*, No. 4:09-CV-555 CAS. Therefore, judicial economy is not served by transfer.

Finally, Whitney argues that although the "Northern District of Illinois has an interest in . . . preventing infringers from operating within its boundaries," *Technical Concepts L.P. v. Zurn Indus.. Inc.*, No. 02-C-5150, 2002 WL 31433408 at *7 (N.D. Ill. Oct. 31, 2002), the case should be transferred because the Eastern District of Missouri has a greater interest in determining the liability of its own citizen for claims of patent infringement. While this may be true, it does not invalidate this court's interest in the case, nor does it tilt the balance enough to militate transfer.

The infringement upon which Bajer's cause of action is based took place in the Northern District of Illinois, a venue that is more convenient for Bajer than St. Louis, and no third-party witnesses are inconvenienced by Bajer's choice. For these reasons, Whitney's Motion to Transfer is denied.

### B. Motion for Preliminary Injunction

Bajer argues that the St. Louis case is vexatious and multiplicitous, and that this court, as the place of first filing, has the power to "enjoin the defendant from bringing a separate suit against the plaintiff in another court, thereby forcing the defendant either to litigate his claim as a counterclaim or to abandon it." *Asset Allocation and Mgmt. Co. v. Western Employers Ins. Co.*, 892 F.2d 566, 572 (7th Cir. 1989). This court, Bajer argues, should not "countenance the simultaneous litigation of essentially identical claims in two federal courts[,]" *id.* at 573, and seeks to enjoin Whitney from further proceeding in the St. Louis case, pending this court's final disposition of the matter. As discussed *supra*, the first-filed rule is appropriately applied in this case. Because in his Memorandum and Order, Judge Shaw stayed the St. Louis action pending a decision by this court as to whether to apply the first-filed rule, *Whitney Design, Inc.*, No. 4:09-CV-555 CAS, at 2, Bajer's motion to enjoin the proceeding is moot. *See id.* at 573 (if California court had stayed identical proceeding, motion made to Illinois court to enjoin the California proceeding would be moot).

**IV. CONCLUSION**

For the foregoing reasons, Whitney's Motion to Transfer is denied, and Bajer's Motion for Preliminary Injunction is rendered moot.

ENTER:

_____
James B. Zagel
United States District Judge

DATE: June 26, 2009